UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY MCVAY,<br><br>         Petitioner,<br><br>   -against-<br><br>S. WALKER, Warden at R.N.D.C. C-74,<br><br>         Respondent. | 22-CV-6572 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  On July 29, 2022, the Court received from Maurice Mayo, a pretrial detainee on Rikers Island, a *pro se* petition for a writ of *habeas corpus*, brought under 28 U.S.C. § 2254. *See Mayo v. Walker*, ECF 1:22-CV-5810, 1. Mayo brought this petition on behalf of himself and 11 other detainees, including the Petitioner in this action, Jeffrey McVay. By order dated July 29, 2022, the Court severed, under Rule 21 of the Federal Rules of Civil Procedure, Petitioner McVay's *habeas corpus* claims and directed the Clerk of Court to open a new civil action, listing McVay, hereinafter referred to as "Petitioner," as the Petitioner.

  On August 4, 2022, the Court directed Petitioner to either pay the $5.00 filing fee to bring this action or complete, sign, and submit an *in forma pauperis* ("IFP") application. On August 16, 2022, the Court received Petitioner's IFP application, which the Court granted on September 2, 2022. (ECF 4-5.)

  For the reasons discussed below, the Court: (1) recharacterizes the petition as brought under 28 U.S.C. § 2241, (2) provides Petitioner the opportunity to withdraw the petition, and (3) grants Petitioner 60 days' leave to file an amended petition.

**STANDARD OF REVIEW**

  The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original); *see Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks and citation omitted).

## BACKGROUND

The petition, which was prepared by Maurice Mayo, asserts that Mayo and 11 other detainees on Rikers Island, including Petitioner, are being held illegally. Mayo claims that

> every court in New York City are committing fraud. They are illegally waiving our constitutional right to a grand jury and holding us on <u>A Superior Court Information</u> in violation of C.P.L. 195.20(D) Paragraph II which is a direct violation of the United States Constitution 5th and 14th Amendments. Lawyers are violating all ethic codes including the 6th Amendment that guarantees the people an effective assistance of counsel. Instead, they are conspiring with the district attorneys to violate all of our Constitutional rights, and infringing & circumventing due process of the law.

(ECF 1, at 3.)[1] Petitioner asserts that his custody is illegal because he is being held pursuant to a "Superior Court Information," and his constitutional right to a grand jury was violated when he agreed to a waiver of indictment. He refers to New York Criminal Procedure Law § 195.20(d), which states:

---

[1] Quotations from the petition are verbatim, including spelling, grammar and added emphasis.

> A waiver of indictment shall be evidenced by a written instrument, which shall contain the name of the court in which it is executed, the title of the action, and the name, date and approximate time and place of each offense to be charged in the superior court information to be filed by the district attorney pursuant to section 195.40. The offenses named may include any offense for which the defendant was held for action of a grand jury and any offense or offenses properly joinable therewith pursuant to sections 200.20 and 200.40. The written waiver shall also contain a statement by the defendant that he is aware that: . . . (d) the superior court information to be filed by the district attorney will have the same force and effect as an indictment filed by a grand jury.

He further asserts that his lawyer is conspiring with the District Attorney's Office to deny him his rights, presumably by agreeing to Petitioner's waiver of indictment.

Attached to the petition is Petitioner's criminal case docket report, which indicates that officers from the New York City Police Department arrested him on October 27, 2021, and that his criminal case is pending in New York Supreme Court, New York County. (*Id.* at 24.) Specifically, it shows that a "true bill" was presented on November 1, 2021, and that Petitioner was not "arraigned." (*Id.*) It also shows that Petitioner pleaded not guilty on November 23, 2021. (*Id.*) In a hand-written note below the docket sheet, Mayo writes: "fraudulent indictment." (*Id.*)

Publicly available court records indicate that Petitioner's most recent court date was on October 13, 2022, and his next court appearance is scheduled for November 18, 2022. *See People v. McVay*, No. IND-70670-21 (N.Y. Supt. Ct., N.Y. Cnty.).

## DISCUSSION

**A.      Pretrial *habeas corpus* relief**

Petitioner seeks *habeas corpus* relief under Section 2254, which is the vehicle to challenge the constitutionality of an individual's custody, after an individual has been convicted in a state court and sentenced to serve a term of imprisonment. *See Cook v. New York State Division of Parole*, 321 F.3d 274, 278 (2d Cir. 2003). For those individuals who have yet to be sentenced, a petition brought under 28 U.S.C. § 2241 is the vehicle to challenge the

3

constitutionality of pretrial detention. *See Hoffler v. Bezio*, 726 F.3d 144, 146 (2d Cir. 2013) (assuming without deciding that Section 2241 petition is the proper vehicle for state prisoner, in custody awaiting a retrial); *see, e.g.*, *Taylor v. New York City*, No. 20-CV-5036, 2020 WL 4369602, at *1 (S.D.N.Y. July 30, 2020) (construing claim by pretrial detainee seeking release due to COVID-19 exposure as arising under Section 2241) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973)).

B.   **Designation of application as petition brought under 28 U.S.C. § 2241**

For the reasons stated above, the Court finds that Petitioner's application should be construed as a petition brought under Section 2241. If Petitioner does not want to pursue relief under Section 2241, he may notify the Court in writing within 60 days that he wishes to withdraw the application.[2] *See Simon v. United States*, 359 F3d 139, 140 (2d Cir. 2004) (holding that district courts must provide notice and opportunity to withdraw before recharacterizing a motion as brought under Section 2241). Petitioner will have one opportunity within the limitations period for a full adjudication of his claims raised in this petition. If Petitioner does not inform the Court of his intent within 30 days, the application will be designated as a petition under Section 2241.

C.   **Exhaustion of State Court Remedies**

Before seeking Section 2241 *habeas corpus* relief in the federal courts, a petitioner first must exhaust his available state court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [Section 2241] does not by its own terms require the

---

[2] Petitioner may choose not to proceed with this Section 2241 petition because a second Section 2241 petition of this sort might trigger the successive petition restrictions of the Antiterrorism and Effective Death Penalty Act. *See Simon*, 359 F.3d at 143-144.

exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism.").

Here, Petitioner challenges his waiver of indictment in his ongoing criminal proceedings. Generally, such a challenge should be raised in that proceeding.[3] *See, e.g.*, *People v. Baez*, 20 Misc. 3d 906, 916 (Sup. Ct. 2008) (granting defendant's motion to withdraw his guilty plea, dismissing the superior court information, and vacating the waiver of indictment). This petition, however, does not allege any fact showing that Petitioner (or his lawyer, on his behalf) filed any motions in his criminal case challenging his waiver of indictment; the publicly available record also shows that none have been filed. *See McVay*, No. IND-70670-21. Thus, before this Court may even consider whether federal court intervention in this state court criminal proceeding is appropriate,[4] Petitioner first must raise this ground in his ongoing proceedings.

### D.    Leave to Amend Petition

Petitioner proceeds in this matter without the benefit of an attorney. Moreover, Petitioner did not draft the original petition, which does not include facts specific to Petitioner's criminal proceedings. As district courts generally grant a self-represented party an opportunity to amend, unless amendment would be futile, *see Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988), the Court finds that it would not be futile

---

[3] This ground also may be raised post-conviction, on appeal. *See, e.g.*, *People v. Colon-Colon*, 169 A.D.3d 187, 188 (2019) ("The law demands strict and literal compliance with the constitutional and statutory framework for waiving indictment. That did not occur here. The superior court information must therefore be dismissed.").

[4] Where a petitioner asks a court to intervene in a pending state court criminal proceeding, courts generally deny such a request under the *Younger* doctrine, unless a petitioner can show special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) ("*Younger* exemplifies one class of cases in which federal court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").

to grant Petitioner leave to submit an amended petition. Should Petitioner decide to file an amended petition, he must state his grounds for relief and detail the steps he has taken to exhaust his grounds in his ongoing criminal proceedings, and where necessary, in the Appellate Division, First Department, and the New York State Court of Appeals. If he is unable to exhaust his grounds in the state courts, he must state facts describing the reasons why he is unable to do so. Petitioner is advised that an amended petition will completely replace the original petition.

## CONCLUSION

The Court recharacterizes the petition as brought under 28 U.S.C. § 2241. Petitioner shall have 30 days to inform the Court whether he intends to withdraw this petition.

The Court grants Petitioner 60 days to file an amended petition containing the information specified above. The amended petition must be submitted to the Clerk's Office, be captioned as an "Amended Petition," and bear the same docket number as this order. Once submitted, the amended petition will be reviewed, and if proper, the case will be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied.

An order to answer will not issue at this time.

An Amended Petition Under 28 U.S.C. § 2241 form is attached to this order

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 17, 2022
          New York, New York

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                           Chief United States District Judge

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
## Instructions

1. **Who Should Use This Form**. You should use this form if
   - you are a federal prisoner and you wish to challenge the way your sentence is being carried out *(for example, you claim that the Bureau of Prisons miscalculated your sentence or failed to properly award good time credits)*;
   - you are in federal or state custody because of something other than a judgment of conviction *(for example, you are in pretrial detention or are awaiting extradition)*; or
   - you are alleging that you are illegally detained in immigration custody.

2. **Who Should Not Use This Form**. You should not use this form if
   - you are challenging the validity of a federal judgment of conviction and sentence *(these challenges are generally raised in a motion under 28 U.S.C. § 2255)*;
   - you are challenging the validity of a state judgment of conviction and sentence *(these challenges are generally raised in a petition under 28 U.S.C. § 2254)*; or
   - you are challenging a final order of removal in an immigration case *(these challenges are generally raised in a petition for review directly with a United States Court of Appeals)*.

3. **Preparing the Petition**. The petition must be typed or neatly written, and you must sign and date it under penalty of perjury. **A false statement may lead to prosecution.**

   All questions must be answered clearly and concisely in the space on the form. If needed, you may attach additional pages or file a memorandum in support of the petition. If you attach additional pages, number the pages and identify which section of the petition is being continued. Note that some courts have page limitations. All filings must be submitted on paper sized 8½ by 11 inches. **Do not use the back of any page.**

4. **Supporting Documents**. In addition to your petition, you must send to the court a copy of the decisions you are challenging and a copy of any briefs or administrative remedy forms filed in your case.

5. **Required Filing Fee**. You must include the $5 filing fee required by 28 U.S.C. § 1914(a). If you are unable to pay the filing fee, you must ask the court for permission to proceed in forma pauperis – that is, as a person who cannot pay the filing fee – by submitting the documents that the court requires.

6. **Submitting Documents to the Court**. Mail your petition and __0__ copies to the clerk of the United States District Court for the district and division in which you are confined. For a list of districts and divisions, see 28 U.S.C. §§ 81-131. All copies must be identical to the original. Copies may be legibly handwritten.

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

7. **Change of Address**. You must immediately notify the court in writing of any change of address. If you do not, the court may dismiss your case.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

|  |  |
|---|---|
| _____ ) | |
| *Petitioner* ) | |
| v. ) | Case No. _____ |
|  ) | *(Supplied by Clerk of Court)* |
| _____ ) | |
| *Respondent* ) | |
| *(name of warden or authorized person having custody of petitioner)* | |

**PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

**Personal Information**

1. (a) Your full name: _____
   (b) Other names you have used: _____
2. Place of confinement:
   (a) Name of institution: _____
   (b) Address: _____
   
   (c) Your identification number: _____
3. Are you currently being held on orders by:
   ❏ Federal authorities        ❏ State authorities        ❏ Other - explain: _____

4. Are you currently:
   ❏ A pretrial detainee (waiting for trial on criminal charges)
   ❏ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
      If you are currently serving a sentence, provide:
      (a) Name and location of court that sentenced you: _____
      
      (b) Docket number of criminal case: _____
      (c) Date of sentencing: _____
   ❏ Being held on an immigration charge
   ❏ Other *(explain)*: _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ❐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)
   ❐ Pretrial detention
   ❐ Immigration detention
   ❐ Detainer
   ❐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
   ❐ Disciplinary proceedings
   ❐ Other *(explain)*: _____

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: _____

   (b) Docket number, case number, or opinion number: _____
   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
   _____
   _____

   (d) Date of the decision or action: _____

## Your Earlier Challenges of the Decision or Action

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ❐ Yes             ❐ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court: _____
       _____
       (2) Date of filing: _____
       (3) Docket number, case number, or opinion number: _____
       (4) Result: _____
       (5) Date of result: _____
       (6) Issues raised: _____
       _____
       _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b)  If you answered "No," explain why you did not appeal:

8.  **Second appeal**

    After the first appeal, did you file a second appeal to a higher authority, agency, or court?

    ❏ Yes            ❏ No

    (a)  If "Yes," provide:

    (1)  Name of the authority, agency, or court:

    (2)  Date of filing:
    (3)  Docket number, case number, or opinion number:
    (4)  Result:
    (5)  Date of result:
    (6)  Issues raised:

    (b)  If you answered "No," explain why you did not file a second appeal:

9.  **Third appeal**

    After the second appeal, did you file a third appeal to a higher authority, agency, or court?

    ❏ Yes            ❏ No

    (a)  If "Yes," provide:

    (1)  Name of the authority, agency, or court:

    (2)  Date of filing:
    (3)  Docket number, case number, or opinion number:
    (4)  Result:
    (5)  Date of result:
    (6)  Issues raised:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

Case 1:22-cv-06572-LTS   Document 6   Filed 10/17/22   Page 12 of 17

(b) If you answered "No," explain why you did not file a third appeal: _____

10. **Motion under 28 U.S.C. § 2255**

   In this petition, are you challenging the validity of your conviction or sentence as imposed?

   ❐ Yes             ❐ No

   If "Yes," answer the following:

   (a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

   ❐ Yes             ❐ No

   If "Yes," provide:
   (1) Name of court: _____
   (2) Case number: _____
   (3) Date of filing: _____
   (4) Result: _____
   (5) Date of result: _____
   (6) Issues raised: _____

   (b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

   ❐ Yes             ❐ No

   If "Yes," provide:
   (1) Name of court: _____
   (2) Case number: _____
   (3) Date of filing: _____
   (4) Result: _____
   (5) Date of result: _____
   (6) Issues raised: _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

---

    (c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

11. **Appeals of immigration proceedings**

    Does this case concern immigration proceedings?
    ❏ Yes     ❏ No

    If "Yes," provide:

    (a)    Date you were taken into immigration custody: _____

    (b)    Date of the removal or reinstatement order: _____

    (c)    Did you file an appeal with the Board of Immigration Appeals?
        ❏ Yes     ❏ No

        If "Yes," provide:
        (1)  Date of filing: _____
        (2)  Case number: _____
        (3)  Result: _____
        (4)  Date of result: _____
        (5)  Issues raised: _____

    (d)    Did you appeal the decision to the United States Court of Appeals?
        ❏ Yes     ❏ No

        If "Yes," provide:
        (1)  Name of court: _____
        (2)  Date of filing: _____
        (3)  Case number: _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

      (4) Result: _____

      (5) Date of result: _____

      (6) Issues raised: _____

_____

_____

_____

_____

_____

_____

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

❏ Yes          ❏ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

_____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

_____

_____

_____

**Grounds for Your Challenge in This Petition**

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE**: _____

_____

_____

_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground One in all appeals that were available to you?
❏ Yes          ❏ No

**GROUND TWO**: 

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground Two in all appeals that were available to you?
❏ Yes          ❏ No

**GROUND THREE**: 

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground Three in all appeals that were available to you?
❏ Yes          ❏ No

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR**: _____

_____
_____
_____

(a) Supporting facts *(Be brief.  Do not cite cases or law.)*:

_____
_____
_____
_____
_____
_____

(b) Did you present Ground Four in all appeals that were available to you?
❏ Yes          ❏ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: _____

_____
_____
_____

**Request for Relief**

15. State exactly what you want the court to do: _____

_____
_____
_____
_____

Page 9 of  10

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system: _____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: _____

                                                                                    _____
                                                                                    *Signature of Petitioner*

                                                                                    _____
                                                                                    *Signature of Attorney or other authorized person, if any*