UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFREY MCVAY,

                Petitioner,

-against-

S. WALKER, Warden at R.N.D.C. C-74,

                Respondent.

22-CV-6572 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Petitioner proceeds in this matter *pro se*. By order dated October 17, 2022, the Court recharacterized Petitioner's original submission as a petition brought under 28 U.S.C. § 2241 and granted him leave to file an amended petition to show that he exhausted his state court remedies. (ECF 6.) On January 4, 2023, the Court dismissed the action because Petitioner did not file an amended petition. (ECF 7.) The following month, on February 3, 2023, the court's Clerk's Office received Petitioner's amended petition. The Court construes the petition as including a motion to reopen this action and denies the motion because Petitioner does not allege any facts suggesting that he exhausted his state court remedies.

## DISCUSSION

    In Petitioner's original submission, styled as a petition brought under 28 U.S.C. § 2254, Petitioner challenged the waiver of his indictment during his criminal proceedings in New York Supreme Court, New York County. In the amended petition, Petitioner states, "Illegally waived my constitutional right to the Grand Jury, and Holding me on a superior court information in violation of C.P.L. 195.20 . . . which is a direct violation of [the] 5th and 14th Amendments [to the Constitution of the United States]."[1] Petitioner indicates that he did not raise this challenge in

---

[1] The Court quotes verbatim from the amended petition. All spelling, capitalization, and

the state courts. (See ECF 9, at 2-6.) Before seeking Section 2241 *habeas corpus* relief in the federal courts, however, Petitioner first must exhaust his available state court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [Section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism.").

## CONCLUSION

The Court construes the petition as including a motion to reopen this action and denies the motion because Petitioner does not allege any facts suggesting that he exhausted his state court remedies. This action remains closed.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  May 12, 2023
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

grammar are as in the original unless noted otherwise.